**FILED**

July 10, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
                                    DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LIZETH MANUELA HURTADO CUELLAR,** | § § § | |
| **Petitioner,** | § § | |
| v. | § § | **NO. SA-26-CV-4041-OLG** |
| **TODD BLANCHE** *et al.,* | § § § | |
| **Respondents.** | § | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Lizeth Manuela Hurtado Cuellar's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). Upon review, the Court must dismiss the Petition without prejudice for the reasons below.

Petitioner is a citizen of Colombia who entered the United States without inspection on May 29. 2022; was detained and released shortly after entry; was apprehended and re-detained by immigration authorities on June 7, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of her full removal proceedings. *See* Dkt. Nos. 1 at 9; 4 at 2; 4-1. Petitioner initiated this action on June 27, 2026, seeking release or a bond hearing on the grounds that she may not be mandatorily detained consistent with her right to due process.[1] *See* Dkt. No. 1 at 23.

---

[1] Petitioner also asserts entitlement to habeas relief based on the Immigration and Nationality Act (INA) and the *Accardi* doctrine. *See* Dkt. No. 1 at 22–23. These claims are unavailing and therefore **DISMISSED**. *See Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 500 (5th Cir. 2026) (holding that, under the INA, "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States"); *Chi v. Warden, Bluebonnet Det. Facility,* No. 26-CV-067-H, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief").

The Fifth Circuit recently held that noncitizens, like Petitioner, who have entered and established "long-term residence in the United States" may be detained "under [§] 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557, at *6, 16 (5th Cir. July 2, 2026). Here, because Petitioner's detention commenced on June 7, 2026, *see* Dkt. No. 1 at 10, Respondents' window to provide a bond hearing has not yet closed. As such, Petitioner's ongoing detention does not yet violate due process. *See Rodriguez*, 2026 WL 1906557, at *16 (holding that mandatory detention under § 1225(b)(2)(A) does not violate due process so long as a bond hearing is "held within 90 days of the commencement of detention"). Accordingly, the Petition (Dkt. No. 1) must be and hereby is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July ___10___, 2026.

ORLANDO L. GARCIA
United States District Judge

2